# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 20-5030

September Term, 2020

FILED ON: FEBRUARY 26, 2021

PEGGY WILSON,

                APPELLANT

v.

ALEJANDRO N. MAYORKAS, IN HIS OFFICIAL CAPACITY AS SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY,

                APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-00322)

Before: SRINIVASAN, *Chief Judge*, MILLETT and WALKER, *Circuit Judges*.

## J U D G M E N T

This appeal from the United States District Court for the District of Columbia's order granting defendant's motion for summary judgment was presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the decision of the district court be **AFFIRMED**.

After Appellant Wilson unsuccessfully applied for a promotion in the Department of Homeland Security, she brought claims alleging that the decision stemmed from discrimination based on race, sex, and age. *See Wilson v. Wolf*, No. 18-cv-00322, 2020 WL 601782 (D.D.C. Feb. 7, 2020). With regard to Wilson's claims alleging sex and age discrimination, we agree with the district court that Wilson has offered insufficient evidence in support of those claims. *Id*. at *5.

As for Wilson's race-discrimination claim, she argues that the government did not meet its burden under the second step of the framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to present a legitimate, nondiscriminatory reason for its decision. *See Figueroa v. Pompeo*, 923 F.3d 1078, 1087–88 (D.C. Cir. 2019). But because Wilson did not raise that argument before the district court, she has forfeited it. *Government of Manitoba v. Bernhardt*,

923 F.3d 173, 179 (D.C. Cir. 2019).

On the particular facts of this case, we further conclude that Wilson has failed to show that a reasonable factfinder could find that the government's proffered non-discriminatory reason for its decision "was in fact pretext for unlawful discrimination." *Wheeler v. Georgetown Univ. Hosp.*, 812 F.3d 1109, 1114 (D.C. Cir. 2016).

First, Wilson claims that the government departed from its own hiring protocols by hiring an applicant who did not possess the specialized experience required by the job announcement. Wilson also contends the announcement barred the government from taking educational credentials into account during the selection process. Those arguments, as the district court explained, misperceive the language of the job announcement. *Wilson*, 2020 WL 601782, at *6–7.

Next, Wilson contends that she was significantly better qualified than the person selected for the position. We disagree. While Wilson was plainly qualified for the position, *see id*. at *8, the person selected for it was qualified as well, and "we must assume that a reasonable juror who might disagree with the employer's decision, but would find the question close, would not usually infer discrimination on the basis of a comparison of qualifications alone." *Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1294 (D.C. Cir. 1998) (en banc).

Finally, Wilson argues that the employer has a pattern of discriminating against African-Americans, relying primarily on evidence that an African-American member of the selection panel did not participate in all stages of the hiring process. *Wilson*, 2020 WL 601782, at *10. But Wilson offers insufficient evidence supporting the suggestion that any exclusion of the panel member from certain stages of the process was the result of discrimination. Nor does she offer evidence that the panel member's partial participation was out of the norm given the panel member's role within the organization (as compared with the more senior colleagues who participated in all stages of the process). *Id*. Accordingly, we affirm the district court's determination that Wilson has not met her burden to establish facts enabling a reasonable factfinder to conclude that the employment decision was based on discrimination. *Id*.

Pursuant to D.C. Cir. R. 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/

Daniel J. Reidy
Deputy Clerk